918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Marcel ERWIN, Appellant.
 No. 90-3014.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 26, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed January 19, 1990, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Marcel Erwin challenges the district court's denial of his motion to withdraw his plea of guilty to a charge of use of a firearm in relation to a drug trafficking offense. Rule 32(d) of the Federal Rules of Criminal Procedure provides: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Although leave to withdraw is liberally granted prior to sentencing, "[r]eversal of a trial court's ruling on a plea withdrawal motion is uncommon; absent abuse of discretion, an appellate court will not overturn a decision that the plea should stand." United States v. McKoy, 645 F.2d 1037, 1038 (D.C.Cir.1981).
 
 
 5
 Among the factors relevant to the exercise of this discretion are " 'the strength of the defendant's reason for withdrawing the plea, including whether [he] asserts his innocence,' the possibility of prejudice to the government's case, and the length of time between the plea and the motion to withdraw." Id. at 6 (quoting United States v. Russell, 686 F.2d 35, 39 (D.C.Cir.1982)). Moreover, "a court, in addressing a withdrawal motion, must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading." United States v. Barker, 514 F.2d 208, 221 (D.C.Cir.) (en banc), cert. denied, 421 U.S. 1013 (1975).
 
 
 6
 Appellant sought to withdraw his guilty plea on the grounds that he had not committed the offense, he had entered the plea in order not to preclude his codefendants from accepting a "wired" guilty plea contingent upon acceptance of a similar offer by all codefendants, and he feared that he would receive a much greater term of incarceration if he stood trial on all the charges against him.
 
 
 7
 Although appellant now asserts his innocence, this claim is contradicted by his prior admission under oath that he had committed the offense, his agreement with the government's proffer during the plea proceedings, his codefendants' testimony that they were involved with appellant in a drug-trafficking conspiracy, and the district court's finding that there was a strong factual basis for the plea. Moreover, appellant has failed to identify any indication of his innocence beyond the bald assertion that he is not guilty of the offense to which he entered his plea.
 
 
 8
 Appellant argues that because he told his attorney of his desire to withdraw his plea within ten days after entering the plea, his "swift change of heart is itself strong indication that the plea was entered in haste and confusion." Id. at 222. However, this Court noted in Barker that "the standard for judging the movant's reasons for delay remains low where the motion comes only a day or so after the plea was entered." Id. (emphasis added). Appellant did not move to withdraw his plea until December 20, 1989, two months after the plea proceedings.
 
 
 9
 Finally, the district court was correct in concluding that the United States would be prejudiced if the plea were withdrawn. Appellant had already appeared for trial and a jury had been selected before appellant entered his plea. Moreover, had the plea been withdrawn, the government would have incurred the expense of bringing its witnesses back from Florida, Texas, California, Michigan, Rhode Island, and Maryland. In addition, the United States had already dismissed an escape charge pending against appellant in the District of Columbia Superior Court as part of the plea agreement.
 
 
 10
 In light of appellant's failure to identify any indication of his innocence in the face of his prior testimony and that of his codefendants, his failure adequately to explain why he delayed asserting this defense, and the prejudice to the government resulting from withdrawal of the guilty plea, the district court did not abuse its discretion in denying appellant's motion to withdraw the plea.